## W. G. KELLY v. THOMAS F. WEBB.

A. executed his obligation to deliver to B. a quantity of corn at a future day; and at the same time B. executed to A. his promissory note for the contract price of the corn, payable on the day the corn was to be delivered: *Held*, that the contract was mutual and dependent, and that neither party could enforce it against the other without a performance or offer of performance on his own part.

Upon contracts of this character, proof of a demand, or of facts tantamount thereto, was necessary to entitle the plaintiff to maintain his action.

APPEAL from Karnes. Tried below before the Hon. M. P. Norton.

Suit by the appellant against the appellee upon the following instrument:

"On or before the first day of November next, I promise to pay W. G. Kelly five hundred bushels of corn, in the heap, in my field.

(Signed)、 "THOMAS F. WEBB.

"December 7th, 1856."

The plaintiff averred a demand on and a refusal by the defendant to deliver the corn, and alleged its value, on the 1st of November, 1857, to be two dollars per bushel, or, in the aggregate, one thousand dollars, for which he prayed judgment.

The defendant answered, in substance, that simultaneously with his execution of the instrument sued on, the plaintiff executed to him his promissory note for $250, being for the price of the corn at fifty cents per bushel, payable on the 1st day of November, 1857, the same day on which the corn was to be delivered. That the contract was mutual and dependent; that the plaintiff had never paid or offered to pay the said promissory note, and had never made demand for the corn.

The plaintiff amended and replied, denying that he executed any such note as alleged by defendant; and specially denying that there was any express or implied understanding that the

Kelly v. Webb.

alleged note held by the defendant was to be paid simultaneously with the delivery of the corn, but averring that the corn was to be paid first. Avers that he, the plaintiff, was always able, ready and willing to pay any claim which defendant may have had against him, either in cash or by offset; and denies all other material allegations in defendant's answer.

The plaintiff propounded interrogatories to the defendant for the purpose of proving a demand and refusal to deliver the corn. In his answers, the defendant denied any demand upon him, but admitted his non-delivery of the corn, which he justified on the grounds set out in his pleadings.

On the trial the defendant read in evidence the plaintiff's note to him, as follows:

"On or before the first day of November next, I promise to pay to Thomas F. Webb the sum of two hundred and fifty dollars, for value received.

(Signed)        "W. G. KELLY.
"December 7th, 1856."

Verdict and judgment for defendant, and appeal by plaintiff.

[No briefs appear in this case.—REPORTERS.]

MOORE, J.—The contract between the parties to this suit, as shown by the record, presents clearly a case of mutual and dependent promises. Neither party was entitled to enforce from the other a fulfilment of the contract without at the same time performing its stipulations on his part. Kelly most certainly could not require Webb to deliver him the corn without tendering him the amount he had contracted to pay for it.

Nor, in cases such as this, can a plaintiff maintain his suit without proof of demand, or of such facts as in contemplation of law are tantamount thereto, but this Kelly failed to do, and was consequently not entitled to a verdict.

There is no error in the judgment, and it is therefore affirmed.

Judgment affirmed.