Robert DOBBINS

v.

Roy REDDEN.

No. C–8160.

Supreme Court of Texas.

Feb. 28, 1990.

Donald S. Bayne, San Antonio, for petitioner.

Jack Ware, Uvalde, for respondent.

## ON REHEARING

PER CURIAM.

This cause presents the issue of whether a party which fails to establish substantial performance of a building contract may nevertheless sustain an action under that contract. The court of appeals rendered judgment allowing the plaintiff to recover damages in a contract action despite a jury finding that the plaintiff had himself breached the contract. 759 S.W.2d 477. We grant the writ of error, modify the judgment of the court of appeals, and affirm that judgment as modified.

Plaintiff Roy Redden agreed to build an earthen tank and dam on defendant Robert Dobbins' property for $10,000. Shortly after construction began, Redden discovered that unexpected soil conditions on the property would significantly increase the cost of construction. Redden, however, continued construction on the tank. The parties dispute whether Dobbins agreed to pay Redden more than the original $10,000. Although Redden never finished building the tank, he billed Dobbins $24,905. Dobbins paid Redden $10,000.

Redden then brought this suit on account, based on the contract, to recover the unpaid balance and attorney's fees. Dobbins' answer asserted the defense that Redden's own breach bars recovery on the contract. Dobbins also counterclaimed for breach of contract, alleging damages equal to the difference in value of the contracted for tank and the tank which Redden actually constructed. The jury found Dobbins had agreed to pay for Redden's services, and that the balance due for those services was $14,905. However, the jury also found that Redden failed to perform his obligations under the agreement, and that the cost to repair or complete the tank and dam was $10,000. The district court disregarded the jury's findings on Dobbins' breach of contract counterclaim and rendered judgment for Redden for $14,905, plus attorney's fees.

On appeal Dobbins argued that the verdict entitled him to judgment for $10,000. The court of appeals sustained this argument. Dobbins also argued that the judgment for Redden for $14,905 was improper because Redden's own breach of the contract bars recovery of contractual damages, and because Redden failed to plead, prove or submit jury questions on the alternative theory of quantum meruit. The court of appeals held that this issue was not relevant to disposition of the case. The court of appeals rendered judgment for Dobbins for $10,000, to be set off against the $14,905 awarded to Redden, and af-

firmed the trial court's judgment as modified.

It is a well established rule that "a party to a contract who is himself in default cannot maintain a suit for its breach." *Gulf Pipe Line Co. v. Nearen*, 135 Tex. 50, 56, 138 S.W.2d 1065, 1068 (Tex.Comm'n App.1940, opinion adopted); *Kelly v. Webb*, 27 Tex. 368 (1864). This strict rule has been ameliorated in the law of building contracts by the doctrine of substantial performance, which allows a contract action by a builder who has breached, but nevertheless substantially completed, a building contract. *Vance v. My Apartment Steak House of San Antonio, Inc.*, 677 S.W.2d 480, 481 (Tex.1984); *Atkinson v. Jackson Bros.*, 270 S.W. 848, 850 (Tex. Comm'n App.1925, holding approved). However, when a breaching builder brings a contract action to recover damages for substantial performance, the builder bears the burden of proving he or she did substantially perform. *Vance v. My Apartment Steak House of San Antonio, Inc.*, 677 S.W.2d at 483.

In the present case Redden did not plead, or request a jury question on, substantial performance. However, Dobbins did plead Redden's breach of contract as a defense, and the jury answered "yes" to the following question:

> Do you find that Redden failed to perform all of his obligations to Dobbins under the agreement to construct the tank and dam?
>
> Answer "Yes" or "No"
>
> ANSWER: YES.

Therefore, we hold that Redden failed to meet his burden of establishing substantial performance, and that this failure bars his recovery under the contract. While the theory of quantum meruit might have provided Redden with an alternate ground of recovery, *e.g.*, *Truly v. Austin*, 744 S.W.2d 934, 937 (Tex.1988), Redden did not plead this theory. The failure to plead quantum meruit is more than relevant to the outcome of this case; it is dispositive. *See Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex.1979); TEX.R.CIV.P. 301.

We grant the motion for rehearing and the writ of error. Because the decision of the court of appeals conflicts with this court's opinions in *Gulf Pipe Line Co. v. Nearen* and *Vance v. My Apartment Steak House of San Antonio, Inc.*, a majority of the court, without hearing oral argument, modifies the judgment of the court of appeals so that Redden takes nothing. TEX.R.APP.P. 133(b). The judgment, as modified, is affirmed.