In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-02-00012-CV

____________


CELTIC CONSTRUCTORS, INC., Appellant


v.


JACK E. VAN PELT AND MARY C. VAN PELT, Appellees






On Appeal from the 280th District Court

Harris County, Texas

Trial Court Cause No. 2000-15620






O P I N I O N

 This is an appeal of a take-nothing judgment rendered by the trial court after a jury
trial. We affirm.


BACKGROUND


 Jack E. Van Pelt and Mary C. Van Pelt, appellees and defendants below, entered into
a contract with Celtic Constructors, Inc. (Celtic), appellant and plaintiff below, to remodel
the Van Pelt's home for a contract price of $67,403.44. Celtic stopped work on the
remodeling before the job was completed because, according to Celtic, the Van Pelts had
stopped paying as agreed. Celtic sued the Van Pelts for breach of contract and quantum
meruit. The Van Pelts counterclaimed, alleging that Celtic had not performed the work in
a good and workmanlike manner and had not completed the work as agreed under the
contract. The trial court granted Celtic's motion for summary judgment on the Van Pelt's
counterclaims, and Celtic's claims were tried to a jury. 

 During the Van Pelts' presentation of evidence, the trial court granted the Van Pelts'
motion for directed verdict on Celtic's claim for damages for breach of contract on the basis
that Celtic had acknowledged that the cost of completion would be more than the amount
remaining on the contract. The case proceeded on Celtic's quantum meriut claim. The
parties stipulated that the Van Pelts had paid $61,618.38 to Celtic for the work performed. 
Celtic contended that, of this amount, part had been paid on the contract and part on extra
work performed by Celtic. 

 The case was submitted to the jury. During deliberations, the jury sent out the
following question: "Does the value of compensible [sic] work mean (1) the total value of
the work performed or (2) the value owed to the plaintiff over/under the amount paid." The
court proposed the answer: "#1--the total value of the work performed." Celtic stated that
it had no objection to that answer, and the trial court provided that answer to the jury over
the Van Pelts' objection. 

 In response to the questions in the court's charge, the jury found that (1) the Van Pelts
failed to comply with their agreement with Celtic, (2) the Van Pelts' failure to comply was
not excused, (3) the actions of the Van Pelts did not prevent Celtic from completing the
renovation project, (4) Celtic performed compensable work for the Van Pelts, (5) the
reasonable value of the compensable work was $56,570, and (6) a reasonable fee for the
services of Celtic's attorney was $24,350. The judgment signed by the trial court recited the
questions submitted to the jury and the jury's answers and then stated, 

 Based on the answers to the questions and the evidence produced at
trial, it appears that the verdict is in favor of the Defendants, as the amount
already paid to Celtic by Defendants is more than the value of the compensable
work performed by Celtic for Defendants, as determined by the jury." 


 The trial court rendered a take-nothing judgment against Celtic, and Celtic appealed. 

DISCUSSION


Effect of the Stipulation

 In its first issue, Celtic contends that the trial court erred in disregarding the jury's
finding regarding damages and attorney's fees and entering a take-nothing judgment when
the Van Pelts did not file a motion for judgment notwithstanding the verdict. 

 The trial court did not render a judgment notwithstanding the verdict. The trial court
rendered a judgment on the verdict after taking into account the amount that the Van Pelts
had already paid Celtic for work performed. During the trial, out of the presence of the jury,
the following occurred: 

 THE COURT: And before we went on the record, the Court and
counsel were discussing how we account for the fact that the plaintiffs have
already been paid a certain amount of money and how we would evidentially
make that fit with an answer if the jury gave one on Quantum Meruit value of
the work. 

 And the Court has suggested that the parties stipulate to the amount that
the plaintiffs have already been paid, since there is no dispute on that amount. 


 Ms. Clark, would you state what that amount is. 


 MS. CLARK (counsel for Celtic): Yes, that amount is $61,618.38. 


 THE COURT: $61,618.38? 


 MS. CLARK: Yes, but with the reservation that this has not all
been paid on the contract, part of it has been paid on the extras. 


 THE COURT: But this is the amount you've been paid - 


 MS. CLARK: In total, yes. 


 THE COURT: Mr. Pearce, do you agree that's the amount that's
been paid in total? 


 MR. PEARCE (counsel for the Van Pelts): Yes, Your Honor,
defendants do agree . . . . 


 An uncontroverted fact issue upon which reasonable minds cannot differ is established
as a matter of law. Lehmann v. Wieghat, 917 S.W.2d 379, 382 (Tex. App.--Houston [14th
Dist] 1996, writ denied). In this case, the parties agreed on the total amount that the Van
Pelts had paid Celtic, and the trial court indicated to the parties that it intended to use the
stipulated amount to "make that fit" with any answer that the jury gave on quantum meruit. 
The trial court's answer to the jury's question regarding the meaning of "the value of
compensible [sic] work" was consistent with that intent. The trial court simply applied the
stipulated fact to the findings of the jury to render a judgment on the jury verdict. See T.O.
Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218, 222-24 (Tex. 1992) (applying
undisputed amounts of notes and balances to modify court of appeals' judgment); Beller v.
DeLara, 565 S.W.2d 319, 319-20 (Tex. Civ. App.--San Antonio 1978, no writ) (on quantum
meruit claim, trial court awarded sum found by jury less sum already paid by defendant). 

 With regard to the jury finding on attorney's fees, that finding was rendered
immaterial by the effect of the trial court's application of the stipulation to jury finding
number five and was, therefore, properly disregarded by the trial court. See Southeastern
Pipe Line Co. v. Tichacek, 997 S.W.2d 166, 172 (Tex. 1999) (question may be disregarded
when rendered immaterial by other findings). 

 We overrule Celtic's first issue. 

 In its fourth issue, Celtic contends that the trial court erred in crediting the Van Pelts'
payments of $61,618.74 against the quantum meruit damages found by the jury because the
court previously had found as a matter of law that the Van Pelts had no claim for damages
against Celtic. In its fifth issue, Celtic contends that the trial court should have awarded
Celtic the entire value of the compensable work as found by the jury because the Van Pelts
did not plead the affirmative defense of offset. Celtic argues that the trial court did not have
the discretion to make findings on its own to alter or negate the jury award. 

 The trial court did not make any fact findings. As we previously noted, the amount
paid by the Van Pelts to Celtic was established as a matter of law by the parties' stipulation. 
The jury was not asked to find what sum of money would compensate Celtic for the work
performed. Jury question number five asked the jury to find "the reasonable value of such
compensable work at the time and place it was performed." When the jury inquired whether
the "value of compensible [sic] work" meant the "total value" or the value "over/under the
amount paid," the trial court answered, without objection by Celtic, "the total value of the
work performed." The trial court's application of the stipulated payment to the value of the
work as found by the jury was not related to any damages claim or affirmative defense by the
Van Pelts. We hold that the trial court did not err in applying the stipulated fact to the jury's
findings on the controverted facts to render final judgment. 

 We overrule Celtic's fourth and fifth issues. 

Directed Verdict

 In its second and third issues, Celtic contends that the trial court erred in granting the
Van Pelts' motion for directed verdict on Celtic's breach-of-contract cause of action and in
refusing Celtic's requested question on breach-of-contract damages to the jury. Celtic argues
that the court was not authorized to grant a directed verdict on Celtic's contract claims
because a directed verdict could be granted only if (1) the evidence conclusively proved a
fact that established the Van Pelts' right to judgment as a matter of law or negated Celtic's
right to judgment or (2) the evidence was insufficient to raise a fact issue on the contractual
cause of action. See Prather v. Brandt, 981 S.W.2d 801, 805 (Tex. App.--Houston [1st
Dist.] 1998, pet. denied). Celtic asserts that neither condition existed in this case. 

 Generally, a party to a contract who is in default cannot maintain a suit for its breach. (1) 
Dobbins v. Redden, 785 S.W.2d 377, 378 (Tex. 1990). However, in building contracts, the
supreme court has applied the doctrine of substantial performance. See Vance v. My
Apartment Steak House of San Antonio, Inc., 677 S.W.2d 480, 481 (Tex. 1984). Under the
doctrine of substantial performance, a contractor who has breached, but has substantially
completed, a building contract may bring a breach-of-contract action on that contract. 
Dobbins, 785 S.W.2d at 378. In such a case, the contractor has the burden of proving that
it did substantially perform. Id. 

 At trial, it was uncontroverted that Celtic did not complete the contract. Therefore,
Celtic's only contract cause of action was substantial performance. However, Celtic did not
plead substantial performance and, in a discussion with the trial court out of the presence of
the jury, specifically rejected the submission of substantial performance, stating, "Well, if
the Court is going [to] take the opinion that it's our burden to prove [that the cost of
completion is less than the amount remaining on the contract], we're going to forego the
submission of a substantial performance question and go with straight contract . . . ." 

 We hold that the uncontroverted evidence that Celtic did not complete the contract and
Celtic's failure to plead substantial performance conclusively negated Celtic's right to
judgment on a breach-of-contract cause of action. See id. The trial court did not err in ruling
that, absent a substantial-performance claim, Celtic had no claim for breach of contract and
in refusing to submit a question to the jury on damages for breach of contract. We overrule
Celtic's second and third issues. 

Quantum Meruit Submission

 In its sixth issue, Celtic contends that the trial court's defective submission of the
quantum meruit issues entitles it to a new trial. The trial court submitted Celtic's quantum
meruit issues in jury questions four and five. Jury question number four asked, "Did Celtic
Constructors, Inc., perform compensable work for Jack and Mary Van Pelt?" Jury question
number five asked, "What is the reasonable value of such compensable work at the time and
place it was performed?" Celtic objected that question number five should include Celtic's
requested instruction, "Do not deduct any amount for sums paid by the Van Pelts already." 
The trial court denied the requested instruction. 

 Celtic argues that, by deducting the Van Pelts' payments made under the terms of the
contract, the trial court erroneously injected the measure of damages for breach of contract
into the quantum meruit cause of action. Celtic contends that it correctly sought to instruct
the jury not to take into account any payments made by the Van Pelts and that the trial court
properly denied the Van Pelts' requested instruction to question number four limiting the
quantum meruit damages to any amount in excess of that already paid to Celtic. Celtic
asserts that, by deducting the previous payments from the amount found by the jury in
question number five, the trial court effectively granted the Van Pelts' requested instruction
and made its own independent finding as to what the jury would have found on question
number five had it been submitted as the Van Pelts requested. 

 As we determined under Celtic's fourth and fifth issues, the trial court did not make
any fact findings. Accordingly, we overrule Celtic's sixth issue. 

 We affirm the judgment. 



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings, and Radack. 

Do not publish. Tex. R. App. P. 47.

1. Celtic asserts that the Van Pelts' "breach freed the Plaintiff from any further
obligation to perform under the contract," citing Dobbins v. Redden, 785 S.W.2d 377, 378
(Tex. 1990). Celtic's statement is not supported by Dobbins and is, in fact, an incorrect
statement of the law. Only a material breach of a contract will discharge or excuse the other
party from its obligation to perform. See Hernandez v. Gulf Group Lloyds, 875 S.W.2d 691,
692 (Tex. 1994). In this case, the jury was not asked to find whether the Van Pelts' breach
of the contract was material.