Rachelle **NAVARRO,** also known as Rhoda Coulson, Plaintiff–Appellant

v.

**FIFTH THIRD MORTGAGE COMPANY,** Defendant–Appellee.

**No. 15–50379**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 18, 2016.

Gregory Thomas Van Cleave, Law Offices of Albert W. Van Cleave, San Antonio, TX, for Plaintiff–Appellant.

Nathan Templeton Anderson, Attorney, McGlinchey Stafford, P.L.L.C., Dallas, TX, Matt Delmore Manning, McGlinchey Stafford, P.L.L.C., Houston, TX, for Defendant–Appellee.

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM: *

Rachelle Navarro ("Navarro") appeals the trial court's adverse summary judgment on her claims, removed from state court, to enjoin a residential mortgage foreclosure sale and obtain damages for breach of contract, Texas Deceptive Trade Practice Act ("DTPA") violations and statutory real estate fraud. Her arguments are meritless, and we affirm.

1. The Bank's inadvertent failure to assure that the entire state court case file was removed to federal court, specifically, her petition for affirmative relief, is an error that Navarro waived by failing to object in the summary judgment proceedings. The error was in any event harmless because her affirmative claims are baseless as noted below.

2. The district court's summary judgment opinion correctly noted that Navarro adduced no credible, admissible evidence to show that the mortgage was not in default. Contrary to her submissions, the only admissible evidence demonstrated that the mortgage had been in default for at least four years.

3. Because Navarro was in default on the loan, she had no legal basis to assert the bank's breach of contract. *Dobbins v. Redden,* 785 S.W.2d 377, 378 (Tex.1990). Further, as a matter of law, Navarro is not a "consumer" under the DTPA, because the borrowing of money is not a transaction in "goods" or "services" under the statute. *Riverside Nat. Bank v. Lewis,* 603 S.W.2d 169, 174–75 (Tex.1980). Moreover, Texas courts have held that misrepresentations made in connection with a loan, even a loan secured by real property, do not give rise to a statutory fraud claim under section 27.01(a) of the the Texas

Business & Commerce Code. *Greenway Bank & Tr. of Hous. v. Smith,* 679 S.W.2d 592, 596 (Tex.App.-Houston [1st Dist.] 1984), *writ ref'd. n.r.e.* Finally, Navarro could not succeed in obtaining injunctive relief in the absence of a viable substantive claim. In sum, to the extent the district court was technically unaware of some of Navarro's damage claims, any error was harmless because either (a) her claims rested on evidence she had the opportunity and incentive to place before the court (but did not), or (b) the record evidence undermines the claims as a matter of law.

The judgment is **AFFIRMED.**

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.