**Affirmed and Majority Memorandum Opinion and Concurring Memorandum Opinion filed November 30, 2023.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-22-00221-CV

---

## LUIS DE JESUS RODRIGUEZ AND MARIA RODRIGUEZ, Appellants

## V.

## DAVID MARTINEZ TOVAR, Appellee

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-63188**

---

## MAJORITY MEMORANDUM OPINION

Maria Rodriguez and Luis de Jesus Rodriguez appeal a judgment against them for violating the Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA")[1] and the Property Code in connection with a real estate transaction with appellee David Martinez Tovar. In four related issues, the Rodriguezes argue that deemed admissions foreclosed all of Tovar's claims. We disagree that the deemed

---

[1] *See generally* Tex. Bus. & Com. Code ch. 17, subch. E.

admissions conclusively negate one or more elements of the claims on which Tovar recovered, and we affirm the trial court's judgment.

## Background

In 2017, Luis and Tovar signed a contract for the sale and finance of real estate purportedly owned by Luis. Pursuant to the contract, Tovar paid Luis a down payment plus monthly payments toward the purchase price. Luis and Tovar agreed that, after seven years of payments, Luis would convey title to Tovar and Tovar would own the property. Luis did not record the contract in the Harris County property records.

Tovar used the property as his primary residence. After Tovar paid at least $54,983 toward the purchase price, but before he completed all payments required by the contract, Tovar learned that Luis did not own unencumbered fee simple title to the property and could not convey title to Tovar. A third party, Aurelia Lemoine, possessed a vendor's lien on the property, and she sued to foreclose the lien. As a result of Lemoine's suit, Tovar was evicted from the property. The Rodriguezes did not reimburse any money to Tovar.

Tovar sued the Rodriguezes for breach of contract, negligent misrepresentation, fraud, and DTPA violations. The Rodriguezes asserted a breach of contract counterclaim against Tovar, alleging that Tovar breached the contract by failing to obtain and maintain homeowner's insurance for the property and by failing to pay property taxes.

The Rodriguezes served Tovar a request for admissions, to which Tovar did not respond. The Rodriguezes moved to deem the requests admitted, which the trial court granted. We have appended the deemed admissions in their entirety at the end of this opinion, but generally the deemed admissions concerned Tovar's

2

failure to comply with certain terms of the real estate contract, such as paying insurance premiums and property taxes.

The trial court set a bench trial to begin December 6, 2021. On November 25, the Rodriguezes moved for summary judgment, arguing that Tovar could not prevail on any of his claims and that the Rodriguezes were entitled to judgment as a matter of law on their breach of contract counterclaim. The basis for the Rodriguezes' motion was that Tovar "was aware of the terms and conditions of the Contract and failed to keep them, and in that failure, did not complete the Contract." For support, the Rodriguezes relied on Tovar's deemed admissions. The trial court did not hear the motion and did not rule on it.

After a one-day bench trial on December 7, 2021, the trial court found the Rodriguezes jointly and severally liable to Tovar. The court signed a judgment ordering the Rodriguezes to pay Tovar economic and treble damages under the DTPA, liquidated damages under Property Code section 5.076, trial court attorney's fees, conditional appellate attorney's fees, court costs, and post-judgment interest. The court also signed findings of fact and conclusions of law.

The Rodriguezes filed a motion to vacate and for new trial. The trial court did not rule on the motion, which was denied by operation of law. *See* Tex. R. Civ. P. 329b. The Rodriguezes appeal.

## Analysis

### A. Motion for Summary Judgment

In their first issue, the Rodriguezes argue that the trial court erred by failing to grant their motion for summary judgment.

Absent leave of court, a summary judgment motion must be filed at least twenty-one days before the hearing. *See* Tex. R. Civ. P. 166a(c). The Rodriguezes

3

filed their motion for summary judgment on November 25, 2021, and requested that the court set it for submission eleven days later, December 6, 2021, the day trial was set to begin. Because the motion was filed only eleven days before the proposed submission date and twelve days before trial, it was untimely. An untimely summary judgment filing is not before the trial court and cannot be considered unless leave of court is sought and granted. *See Ewing Ins. Servs., Inc. v. Tex. Indep. Auto. Dealers Ass'n*, No. 06-18-00090-CV, 2019 WL 1575397, at *10 (Tex. App.—Texarkana Apr. 12, 2019, no pet.) (mem. op.). The record does not indicate that the court granted, or that the Rodriguezes sought, leave to file their summary-judgment motion with less than twenty-one days' notice. Thus, we must presume that the trial court did not consider the motion. *See Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996); *Ewing Ins. Servs., Inc.*, 2019 WL 1575397, at *10; *Perez v. Williams*, 474 S.W.3d 408, 416 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (presuming trial court did not consider untimely response to motion for summary judgment); *Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 612 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *see also Fertic v. Spencer*, 247 S.W.3d 242, 250-51 (Tex. App.—El Paso 2007, pet. denied) (plaintiff did not file response to no-evidence summary judgment, only untimely motion for partial summary judgment; even construing motion as response, it was not timely, and appellate court presumed trial court did not consider it). A court does not abuse its discretion by declining to entertain a summary judgment motion filed less than twenty-one days before a trial on the merits. *See Lesikar v. Moon*, 237 S.W.3d 361, 369 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

Thus, the Rodriguezes demonstrate no error in the trial court's action, and we overrule their first issue.

**B.    Motions for "Directed Verdict" and Motion to Vacate or for New Trial**

In their remaining issues, the Rodriguezes assert that the trial court erred by (twice) failing to "direct a verdict" or otherwise enter judgment in their favor and by denying their post-trial motion to vacate the judgment or for new trial.[2]  Each of these arguments is based on a single premise:  that Tovar's deemed admissions defeat all of his claims.  We disagree.

To begin with, the Rodriguezes do not substantively explain the import of the deemed admissions or identify which element(s) of Tovar's claim(s) the admissions purportedly negate.  For example, the Rodriguezes in their brief restate all twenty-one deemed admissions in their entirety and then conclusorily assert, "The trial court was capable of rendering a decision on Mr. Rodriguez and Ms. Rodriguez' oral motion for directed verdict based substantially on Mr. Tovar's admissions acknowledge[d] by the trial court's order.  The trial court did not.  The trial court egregiously erred in doing so."  But nowhere in their brief do the Rodriguezes explain the legal significance of any specific admission or admissions.  In this instance, we would be justified in concluding that the Rodriguezes failed to adequately brief any argument in support of their issue.  *See* Tex. R. App. P. 38.1(i); *Buggelli v. Feltis*, No. 14-07-00027-CV, 2008 WL 4308333, at *2 (Tex. App.—Houston [14th Dist.] Aug. 28, 2008, no pet.) (mem. op.) (although courts liberally construe briefing, failure to identify evidence, explain contentions, or support argument with legal authority in brief constitutes waiver of issue on

_____

[2] Although counsel referred to his motion as a "motion for directed verdict," it was effectively a "motion for judgment," which is the proper description for such a motion in a bench trial.  *See Onwudiegwu v. Dominguez*, No. 14-14-00249-CV, 2015 WL 4366213, at *5 (Tex. App.—Houston [14th Dist.] July 16, 2015, no pet.) (mem. op.); *see also Grounds v. Tolar Indep. Sch. Dist.*, 856 S.W.2d 417, 422 n.4 (Tex. 1993) (Gonzalez, J., concurring) ("Technically, the use of the term 'directed verdict' in a bench trial is incorrect because there is no jury to direct.  In this situation, the correct procedure is for the defendant, at the close of the plaintiff's evidence, to make a 'motion for judgment.'").

appeal). However, to the extent that the Rodriguezes' second, third, and fourth issues present anything for our review, we will consider the arguments we can reasonably discern in the interest of justice.

The Rodriguezes first moved for judgment in their favor based on the deemed admissions during opening statements. The trial court did not rule on the Rodriguezes' request at that time.

To the extent the Rodriguezes complain in their second issue about the denial of their motion made during opening statements, there is no error. *See Grounds*, 856 S.W.2d at 422 n.4 (Gonzalez, J., concurring) ("In this situation, the correct procedure is for the defendant, *at the close of the plaintiff's evidence*, to make a 'motion for judgment.'") (emphasis added); *accord also Tana Oil & Gas Corp. v. McCall*, 104 S.W.3d 80, 82 (Tex. 2003) ("Ordinarily, a directed verdict should not be granted against a party before the party has had a full opportunity to present its case and has rested."); *Wedgeworth v. Kirskey*, 985 S.W.2d 115, 116 (Tex. App.—San Antonio 1998, pet. denied) (error for trial court to direct a verdict without allowing the party with the burden of proof to present all of its evidence). The trial court did not err in refusing to grant a motion for directed verdict or judgment raised prior to the presentation of evidence, and we overrule the Rodriguezes' second issue.

The Rodriguezes also moved for judgment following the close of all evidence and subsequently moved to vacate the judgment. The trial court did not grant these motions either, which the Rodriguezes challenge in their third and fourth issues. They again contend that Tovar's deemed admissions precluded him from prevailing on his claims and entitled the Rodriguezes to judgment on their counterclaim.

The deemed admissions established that Tovar failed to comply with the contract because he failed to maintain insurance coverage and failed to pay property taxes. Generally, a breach-of-contract plaintiff's failure to perform his contractual obligations (or tender performance) precludes recovery from the other party for breaching the contract. *See Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (per curiam). The trial court, however, did not grant Tovar relief under his breach of contract claim. The judgment awards Tovar relief under the DTPA and the Property Code.

Specifically, the trial court found that the Rodriguezes violated Property Code section 5.085, which provides that "[a] potential seller may not execute an executory contract with a potential purchaser if the seller does not own the property in fee simple free from any liens or other encumbrances." Tex. Prop. Code § 5.085(a). Further, the Legislature has declared that a violation of section 5.085(a) constitutes a deceptive trade practice under the DTPA independently of, and in addition to, the laundry list of deceptive acts otherwise listed in the DTPA. *See id.* § 5.085(c)(1) ("A violation of this section . . . is a false, misleading, or deceptive act or practice within the meaning of Section 17.46, Business & Commerce Code, and is actionable in a public or private suit brought under [the DTPA.]"). The court also found that the Rodriguezes separately violated the DTPA by, among other things, "representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law" and "failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed." Tex. Bus. & Com. Code § 17.46(b)(12), (24). The Rodriguezes do not challenge

7

any of the trial court's findings or conclusions for legally or factually insufficient evidence or for any other reason. The evidence, moreover, supports the trial court's findings.

The judgment awards the following relief: (1) contract rescission and return of all payments made by Tovar; (2) treble economic damages for knowing conduct; (3) liquidated damages for failure to record the contract as required by Property Code section 5.076; and (4) reasonable attorneys' fees. These remedies are available under the DTPA and the Property Code. *See* Tex. Prop. Code §§ 5.085, 5.076; Tex. Bus. & Com. Code § 17.50(b)(1), (3), (d).

Tovar's failure to comply with the contract as established by the deemed admissions does not pertain to or negate any element of his DTPA and Property Code claims. *See, e.g., Smith v. Baldwin*, 611 S.W.2d 611, 614 (Tex. 1980) (compliance under the contract is irrelevant to the statutory cause of action under the DTPA). This point was not lost on the trial court, which explained in its conclusions of law why Tovar's failure to comply with the real estate contract did not preclude the Rodriguezes' liability:

> 19. Thereafter, Maria would come to the Property, pick up cash payments from Plaintiff, provide receipts, and make all communications on behalf of Luis to Plaintiff. . . .
>
> 47. Plaintiff is a consumer. Defendants are liable to Plaintiff under Tex. Bus. & Com. Code § 17.41 *et. seq.* (the "D.T.P.A.") for violations of § 17.46(b)(1), (2), (3), (5), (7), (9), (12), and (24), and/or Tex. Bus. & Com. Code § 27.01 et seq. for fraud in a real estate transaction, and for their deceptive actions and statements. . . .
>
> 48. Defendants are liable to Plaintiff for violation of Tex. Prop. Code § 5.085 for false, misleading, and deceptive acts or practices within the meaning of Tex. Bus. & Com. Code § 17.46. Plaintiff is entitled to a rescission of the executory contract and reimbursement of all payments of any kind made to Defendants under the Contract, and the value of improvements Plaintiff made to the Property. Disclosure

8

of the lien and other disclosures were required by the Texas Property Code. *See* Tex. Prop. Code § 5.016, § 5.069, and § 5.085. However, the lien and other conveyances were not disclosed and required disclosures and other pre-contract for deed documents were not provided to Plaintiff prior to execution of the Contract. Defendants violated § 5.085 knowingly and intentionally. Plaintiff is entitled to all damages allowed by law, including mental anguish and treble damages. . . .

51. Even before the Contract was signed, Luis would never have been able to convey any interest in the Property to Plaintiff . . . because there was an unsatisfied Vendor's Lien on the Property. *Thus, Defendants' arguments about whether Plaintiff performed under the terms of the Contract are irrelevant – Defendants could never have performed their obligations under the Contract.*

(Emphasis added.).

We conclude that the trial court did not abuse its discretion in denying the Rodriguezes' motion for judgment and their post-judgment motions based on Tovar's deemed admissions. *See Smith*, 611 S.W.2d at 614; *Jarrett v. Shook*, No. 03-12-00038-CV, 2012 WL 4466473, at *3 (Tex. App.—Austin Sept. 27, 2012, no pet.) (mem. op.).

We overrule the Rodriguezes' third and fourth issues.

## Conclusion

We affirm the trial court's judgment.


/s/      Kevin Jewell
Justice


Panel consists of Justices Jewell, Spain, and Wilson. (Spain, J., concurring)

9

# Appendix

**REQUEST 1:** Please admit or deny that David Tovar Martinez, as shown on your Texas Driver's License number *****640, is your legal name.

**RESPONSE 1: DEEMED ADMITTED**

**REQUEST 2:** Please admit or deny that you, David Tovar Martinez, are the person who signed the "Contracto de Financiamento entre Proprietario y Proprientario" (the "Contract") attached as Exhibit 1.

**RESPONSE 2: DEEMED ADMITTED**

**REQUEST 3:** Please admit or deny Maria Rodriguez was not a signing party to the Contract attached as Exhibit 1.

**RESPONSE 3: DEEMED ADMITTED**

**REQUEST 4:** Please admit or deny that Defendant Luis Rodriguez is the person with whom you made the agreement referred to as the Contract.

**RESPONSE 4: DEEMED ADMITTED**

**REQUEST 5:** Please admit or deny that Irusema Gallegos was the Notary Public who read the Contract to you in Spanish and you acknowledged to her that you were accepting of the terms of the Contract.

**RESPONSE 5: DEEMED ADMITTED**

**REQUEST 6:** Please admit or deny that the Contract that you signed obligated you to obtain and maintain Homeowner's Insurance until the property referenced in the Contract located at 1605 Hedrick Street in Houston, Texas 77011, was paid off.

**RESPONSE 6: DEEMED ADMITTED**

**REQUEST 7:** Please admit or deny that the Contract that you signed obligated you to pay the property taxes on the property referenced in the Contract located at 1605 Hedrick Street in Houston, Texas 77011.

**RESPONSE 7: DEEMED ADMITTED**

**REQUEST 8:** Please admit or deny that you did not obtain and

maintain Homeowner's Insurance for the property referenced in the Contract located at 1605 Hedrick Street in Houston, Texas 77011, as the Contract that you signed obligated you to do.

**RESPONSE 8: DEEMED ADMITTED**

**REQUEST 9:** Please admit or deny that you did not pay the property taxes for the property referenced in the Contract located at 1605 Hedrick Street in Houston, Texas 77011 as the Contract that you signed obligated you to do.

**RESPONSE 9: DEEMED ADMITTED**

**REQUEST 10:** Please admit or deny that you knew that Defendant Luis Rodriguez was in the process of buying the property referenced in the Contract located at 1605 Hedrick Street, Houston, Texas 77011, and you agreed to the terms of the Contract having that knowledge.

**RESPONSE 10: DEEMED ADMITTED**

**REQUEST 11:** Please admit or deny that you understood that if you did not complete the terms of the Contract, that the property would not become yours.

**RESPONSE 11: DEEMED ADMITTED**

**REQUEST 12:** Please admit or deny that you understood that the property was not owned by Luis Rodriguez, but that if you completed the terms of the Contract you would become the owner of the property referenced in the contract located at 1605 Hedrick Street, Houston, Texas 77011.

**RESPONSE 12: DEEMED ADMITTED**

**REQUEST 13:** Please admit or deny that you did not complete the terms of the Contract attached as Exhibit 1.

**RESPONSE 13: DEEMED ADMITTED**

**REQUEST 14:** Please admit or deny that you understood you were to obtain and maintain Homeowner's Insurance on the property referenced in the Contract located at 1605 Hedrick Street in Houston, Texas 77011 as the Contract that you signed obligated you to do.

**RESPONSE 14: DEEMED ADMITTED**

**REQUEST 15:** Please admit or deny that you understood you were to pay the property taxes on the property referenced in the Contract located at 1605 Hedrick Street in Houston, Texas 77011, as the Contract that you signed obligated you to do.

**RESPONSE 15: DEEMED ADMITTED**

**REQUEST 16:** Please admit or deny that you did not fulfill the terms of the Contract.

**RESPONSE 16: DEEMED ADMITTED**

**REQUEST 17:** Please admit or deny that you understood that if you did not complete the terms of the Contract you would not become the owner of the property referenced in the Contract located at 1605 Hedrick Street in Houston, Texas 77011.

**RESPONSE 17: DEEMED ADMITTED**

**REQUEST 18** Please admit or deny that you have no evidence in proof that you obtained and maintained Homeowner's Insurance on the property referenced in the Contract located at 1605 Hedrick Street in Houston, Texas 77011, as the Contract that you signed obligated you to do.

**RESPONSE 18: DEEMED ADMITTED**

**REQUEST 19:** Please admit or deny that you have no evidence in proof that you paid the property taxes on the property referenced in the Contract located at 1605 Hedrick Street in Houston, Texas 77011, as the Contract that you signed obligated you to do.

**RESPONSE 19: DEEMED ADMITTED**

**REQUEST 20:** Please admit or deny that you have no evidence in proof that Maria Rodriguez was a party to the Contract you signed which referenced the properly located at 1605 Hedrick Street in Houston, Texas 77011.

**RESPONSE 20: DEEMED ADMITTED**

**REQUEST 21:** Please admit or deny that you understood that if you did not complete the terms of the Contract for the property located at 1605 Hedrick Street in Houston, Texas 77011, Luis Rodriguez would retain control of and his ownership interest in the property.

**RESPONSE 21: DEEMED ADMITTED**