# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2009

Charles R. Fulbruge III
Clerk

No. 09-40232
Summary Calendar

ACHEE HOLDINGS, LLC,

Plaintiff - Appellant

v.

SILVER HILL FINANCIAL, LLC; BAYVIEW LOAN SERVICING, LLC,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
No. 3:08-CV-115

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

In this usury case under Texas law, Plaintiff-Appellant Achee Holdings, LLC ("Achee") appeals the district court's order granting the Federal Rules of Civil Procedure 12(b)(6) motion to dismiss filed by Defendants-Appellees Silver Hill Financial, LLC ("Silver Hill") and Bayview Loan Servicing, LLC ("Bayview"). For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In June 2007, Achee executed an adjustable rate promissory note ("the Note") with Silver Hill. Under the terms of the Note, Silver Hill lent to Achee the principal sum of $280,000.00. The Note provided for two prepayment penalties in the event that Achee sought to repay the principal during the initial thirty-six months of the loan period (the "Lockout Period"): (1) an amount equal to the interest which would have accrued on the unpaid principal balance during the Lockout Period (labeled the "Lockout Fee"); and (2) an amount equal to five percent of the then-outstanding unpaid principal balance (labeled the "Prepayment Consideration"). During the Lockout Period, Achee sought to prepay the principal amount. Bayview, as Silver Hill's loan servicer, notified Achee that it owed a payoff amount of $389,355.85, comprised of the following: the principal and interest then presently due under the Note ($282,969.19); the Lockout Fee ($92,083.81); and the Prepayment Consideration ($13,993.32).

Achee refused to pay the Lockout Fee, and instead filed this lawsuit alleging that the Lockout Fee is disguised interest that exceeded the allowable amount under the Texas Finance Code. After consideration of Defendants-Appellees' Rule 12(b)(6) motion, the district court dismissed the complaint for failure to state a claim. Achee appealed.

We review *de novo* a district court's order granting a motion to dismiss under Rule 12(b)(6). *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). All well-pleaded factual allegations are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. *Id.* Recently, the Supreme Court held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (citation omitted).

The single issue in this case is whether the Lockout Fee constitutes interest, such that it violates Texas usury laws. The essential elements of a usurious transaction are "(1) a loan of money; (2) an absolute obligation that the

principal be repaid; and (3) the exaction from the borrower of a greater compensation than the amount allowed by law for the use of money by the borrower." *Najarro v. SASI Int'l, Ltd.*, 904 F.2d 1002, 1005 (5th Cir. 1990) (citation omitted). Unless otherwise provided by law, an interest rate greater than ten percent a year is usurious. TEX. FIN. CODE ANN. § 302.001(b) (Vernon 2006). Interest is defined under Texas law as "compensation for the use, forbearance, or detention of money . . . [but] does not include compensation or other amounts that . . . are permitted to be contracted for, charged, or received in addition to interest[.]" TEX. FIN. CODE ANN. § 301.002(a)(4) (Vernon 2006).

Where a contract grants the borrower the right to prepay, Texas courts hold that a prepayment penalty is not interest because it is not compensation for the use, forbearance, or detention of money; rather, it is "a charge for the option or privilege of prepayment." *Parker Plaza W. Partners v. Unum Pension & Ins. Co.*, 941 F.2d 349, 352 (5th Cir. 1991) (citations omitted). This principle is codified at TEX. FIN. CODE ANN. § 306.005, which states that "a creditor and an obligor may agree to a prepayment premium . . . whether payable in the event of voluntary prepayment . . . or other cause that involves premature termination of the loan, and those amounts do not constitute interest." However, lenders can violate usury laws by charging fees that constitute "disguised interest." *Lovick*, 378 F.3d at 439. Whether a particular fee is disguised interest depends on the substance of the transaction, not how the parties label the fee. *See In re CPDC, Inc.*, 337 F.3d 436, 444 (5th Cir. 2003). Specifically, a fee will not be considered interest if it is not for the use, forbearance, or detention of money. *Id.* at 445. A fee may be considered interest, though, if it is not supported by separate and additional consideration. *Lovick,* 378 F.3d at 439.

Achee argues that the Lockout Fee is usurious because it is disguised interest. However, Achee has shown no set of facts indicating that it is plausible that the Lockout Fee is interest disguised as a prepayment penalty. Though the

interest rate on the loan was used as part of the formula for calculating the Lockout Fee, the substance of the transaction shows that it is clearly a prepayment penalty. The Note granted Achee the option of paying the loan early and also paying the Lockout Fee, in exchange for avoiding the twenty-seven years of interest that would accrue over the remaining term of the loan. In other words, the Lockout Fee acted as consideration in exchange for the privilege of paying the loan in the first three years and avoiding further interest. *See Bearden v. Tarrant Sav. Ass'n,* 643 S.W.2d 247, 249 (Tex. App.—Ft. Worth 1982, writ ref'd n.r.e.). The fact that the parties contracted for two types of prepayment penalties, one of which only applied in the event of a payment within the first three years of the loan, does not change the fact that the Lockout Fee operated, in substance, as a penalty for very early prepayment. Moreover, Achee could avoid paying the Lockout Fee altogether by waiting until after the thirty-six month period expired to pay off the loan, a fact which we have recognized as the rationale for the rule that prepayment penalties are not interest. *See Parker Plaza,* 941 F.2d at 353. Accordingly, since the Lockout Fee is not compensation for the use, forbearance, or detention of money and is rather a charge for the option or privilege of prepayment, under Texas law the Lockout Fee is not interest and the usury laws are not violated.[1]

For the foregoing reasons, we AFFIRM the district court's order dismissing the complaint for failure to state a claim.

---

[1] We have also observed that a prepayment premium may be usurious if it exceeds "the legal rate calculated to the stipulated maturity date." *See Parker Plaza,* 941 F.2d at 353. Though Achee does not raise this argument, we note that the prepayment penalties in this case do not exceed the legal interest rate calculated over the thirty-year term of the loan.