# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10231

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2014

Lyle W. Cayce
Clerk

LOIDA VERA; RAMON PEREZ,

Plaintiffs-Appellants

v.

BANK OF AMERICA, N.A.; THE BANK OF NEW YORK MELLON, formerly known as Bank of New York, as Trustee for the Benefit of the Certificate Holders of the CWABS, Incorporated, Asset-Backed Certificates, Series 2004-6,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-3940

Before KING, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Loida Vera and Ramon Perez (collectively, "Plaintiffs") appeal the district court's dismissal of their breach of contract and declaratory judgment claims against Bank of America, N.A. ("Bank of America") and The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for the Benefit of the Certificate Holders of the CWABS, Inc., Asset-Backed Certificates, Series

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10231

2004-6 ("Bank of New York," and, collectively with Bank of America, "Defendants"). We AFFIRM.

## I.    Background

In 2004, Plaintiffs purchased a home located in Dallas, Texas (the "Property"). To finance the purchase, Plaintiffs signed both a promissory note (the "Note") in the amount of $98,800 payable to Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender and also a deed of trust (the "Deed") to secure the Note. Thereafter, Bank of America served as the mortgage servicer on the Note. Later, the Deed was assigned to Bank of New York. In 2011, Plaintiffs defaulted on the Note by failing to make timely mortgage payments. Bank of America foreclosed on the Property, and Bank of New York filed an eviction action in Texas state court.

Plaintiffs then filed the instant action in Texas state court. Defendants removed the action to federal court and moved to dismiss the complaint. After Plaintiffs failed to respond to the motion to dismiss, the district court dismissed the action without prejudice and ordered Plaintiffs to file an amended complaint. Plaintiffs subsequently filed an amended complaint in which they asserted claims for breach of contract, wrongful foreclosure, declaratory judgment, suit to quiet title, and tortious interference with contract. Defendants again moved to dismiss, and Plaintiffs again failed to respond. The district court granted the motion and entered final judgment in favor of Defendants. Plaintiffs timely appealed.

## II.    Standard of Review

We review a district court's grant of a motion to dismiss *de novo*, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). Dismissal is appropriate where the plaintiff

2

fails to allege enough facts to state a claim to relief that is plausible on its face and thus does not "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim has facial plausibility when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.    Discussion

Plaintiffs appeal the district court's dismissal of their state-law breach of contract and declaratory judgment claims.[1] Plaintiffs raise several grounds in arguing that the district court erred in dismissing these claims. Reversal is inappropriate if the district court's judgment is supported by the record on an asserted ground, even if it differs from the one relied upon by the district court. *Wolcott*, 635 F.3d at 763 (citation omitted).

Defendants argue that Plaintiffs waived any right to challenge the district court's ruling by failing to respond to the motion to dismiss. "[A]s a general rule a court of appeals will not consider an argument not made below and since the appellant made no arguments below, then the appellant can make no argument on appeal." *Walker v. S. Cent. Bell Tel. Co.*, 904 F.2d 275, 276 n.1 (5th Cir. 1990), *superseded by statute on other grounds*, *CBOCS West, Inc. v. Humphries*, 553 U.S. 442 (2008); *see also Miller v. Nationwide Life Ins. Co.*, 391 F.3d 698, 701 (5th Cir. 2004) ("We have frequently said that we are a court of errors, and that a district court cannot have erred as to arguments not presented to it."); *Savers Fed. Sav. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501

---

[1] Plaintiffs did not address their claims for wrongful foreclosure, suit to quiet title, or tortious interference with contract in their brief on appeal and have therefore waived any challenges to the dismissal of these claims. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in its initial brief on appeal.") (emphasis omitted); *Piney Woods Country Life Sch. v. Shell Oil Co.*, 905 F.2d 840, 854 (5th Cir. 1990).

(5th Cir. 1989). Nonetheless, while we will not consider arguments advanced by Plaintiffs for the first time on appeal, we still must consider whether the district court correctly concluded that Plaintiffs had "failed to state a claim on which relief can be granted." *See Walker*, 904 F.2d at 276 n.1.

With respect to the breach of contract claims, Plaintiffs allege that Defendants breached the terms of the Deed by failing to provide Plaintiffs with certain information on a regular basis regarding their escrow account in compliance with the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA").[2] However, Plaintiffs conceded in the amended complaint that they also defaulted on their obligations in January 2011 by failing to make timely mortgage payments.[3] Under Texas law, "a party to a contract who is himself in default cannot maintain a suit for its breach." *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (quotations and citation omitted); *see also Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003) (holding that, "[u]nder Texas Law, the elements of a breach of contract claim" include "*performance by the plaintiff*") (emphasis added). Although Plaintiffs allege that Defendants breached the terms of the Deed first by failing to comply with RESPA, Plaintiffs' subsequent non-performance is not excused because they continued for years after Defendants' alleged noncompliance to

---

[2] Apparently in order to avoid the shorter statute of limitations for lawsuits asserting RESPA violations, Plaintiffs couched their case as one for breach of contract based upon the Deed's assertions that the lender would comply with RESPA.

[3] Plaintiffs maintain that their failure to make timely mortgage payments constituted a default on the Note, but not on the Deed. However, the Deed expressly provided that Plaintiffs agreed to "pay when due the principal of, and interest on, the debt evidenced by the Note . . . ." Therefore, Plaintiffs' default on the Note constituted a default on the Deed. Plaintiffs attached a copy of the Deed to the amended complaint and we can therefore consider it in reviewing the district court's grant of Defendants' motion to dismiss. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto.").

reside in the Property and to make mortgage payments on the Note. *See Long Trusts v. Griffin*, 222 S.W.3d 412, 415 (Tex. 2006) (holding that a party "who elects to treat a contract as continuing deprives himself of any excuse for ceasing performance on his own part.") (quotations and citation omitted). Because Plaintiffs defaulted on their obligations under the Deed and their default was not excused, they cannot maintain a breach of contract action against Defendants. *See Dobbins*, 785 S.W.2d at 378.

Plaintiffs'[4] claim for declaratory judgment was brought under the Texas Declaratory Judgments Act, TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq.* ("TDJA"). However, the TDJA is a procedural, and not a substantive, provision and therefore does not apply to actions in federal court. *See Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998). As a result, Plaintiffs cannot maintain their declaratory judgment action against Defendants.[5]

We therefore conclude that the district court did not err in finding that Plaintiffs have failed to state a claim on which relief can be granted. *See* FED. R. CIV. P. 12(b)(6).

AFFIRMED.

---

[4] The amended complaint styles the request for declaratory judgment as one made by "plaintiffs," however, the specific relief is mentioned only as to "Plaintiff Vera."

[5] Even if Plaintiffs had brought their claim under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, it would nevertheless fail. Their request for declaratory relief seeks a declaration that Bank of America was "the first breacher," an allegation addressed above. It also seeks a "declaration as to [Plaintiff Vera's] present loan balance." Plaintiffs provide no briefing on this point, so it is waived. *Cinel*, 15 F.3d at 1345.