# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50812
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2014

Lyle W. Cayce
Clerk

JEFFERY STEVENS; GLORIA STEVENS,

                                    Plaintiffs-Appellants

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY; AMERICA'S
SERVICING COMPANY,

                                    Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CV-1177

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Plaintiffs-Appellants Jeffery and Gloria Stevens (the "Stevenses") dispute the authority of Defendants-Appellees Deutsche Bank National Trust Company ("Deutsche Bank") and America's Servicing Company ("ACS") to foreclose on their home.   The Stevenses base their challenge on alleged flaws

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50812

in an assignment transferring their home-equity loan to Deutsche Bank. The district court granted Defendants-Appellees' motion to dismiss. We AFFIRM.

## I.

In April 2004, the Stevenses purchased property located at 5801 Spring Village, San Antonio, Texas. In November 2006, the Stevenses took out a home-equity loan for the amount of $132,000. The Stevenses executed a security instrument naming the New Century Mortgage Company ("New Century") as lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary "acting solely as a nominee for Lender and Lender's successors and assigns." The Stevenses also executed a note, which was placed in a trust named HIS Asset Securitization Trust 2007-NCI (the "Trust"). Under the Pooling and Servicing Agreement (PSA), mortgages could not transfer out of the Trust after April 30, 2007.

In 2007, New Century went bankrupt. Around July 2008, ACS, a mortgage servicer, notified the Stevenses that they should make future loan payments to ACS, allegedly without revealing that the actual mortgagee was Wells Fargo Bank, N.A. ("Wells Fargo"). The Stevenses fell behind on their loan with Wells Fargo, and entered into a forbearance agreement in April 2010. Around January 2011, MERS, acting as nominee for New Century, transferred the note and deed of trust to Deutsche Bank. The Stevenses brought suit in Texas state court, contesting Deutsche Bank's authority to foreclose on the Spring Village property. After removal, Defendants-Appellees moved to dismiss for failure to state a claim. The district court granted the motion, and dismissed the case. This appeal follows.

## II.

On appeal, the Stevenses argue that the assignment was void because it violated the PSA and because New Century's bankruptcy vitiated MERS's right to act on its behalf. The Stevenses also dispute the district court's

2

No. 13-50812

dismissal of their claims under Section 12.002(a) of the Texas Civil Practice and Remedies Code and for breach of contract. We address each argument in turn.

As a non-party to the assignment agreement, the Stevenses cannot challenge the Deutsche Bank's enforcement of the agreement unless the assignment is void. *Reinagel v. Deutsche Bank Nat'l Trust Co.,* 735 F.3d 220, 225 (5th Cir. 2013). [1] Here, however, the flaws alleged by the Stevenses render the assignment voidable, not void. *Id.* at 228 (holding that an assignment that violates a PSA renders the assignment voidable); 11 U.S.C. § 549(a)(1)(B) (providing that trustee "may avoid" post-petition bankruptcy transfers). Thus, the Stevenses do not have standing to challenge the assignment.

The Stevenses' claim under Section 12.002(a) requires, *inter alia*, an allegation that Defendants-Appellees intended to cause the Stevenses physical injury, financial injury, or mental anguish. *Golden v. Wells Fargo Bank*, N.A., No. 13-50158, 2014 WL 644549, at *3 (5th Cir. Feb. 20, 2014) (per curiam). The Stevenses allege only that Deutsche Bank used the assigning document "for the express purpose of closing an [*sic*] link in the chain of title so that [it] could proceed to foreclose." As this Court previously held:

> [Deutsche Bank]'s use of the assignment for business purposes hardly equates to an argument that it intended to inflict financial injury or mental anguish. The [Stevenses] have not alleged any facts showing that their property would not be subject to foreclosure, even absent the assignment of the deed of trust to [Deutsche Bank].

*Id.* Accordingly, Plaintiffs-Appellants fail to state a claim under

---

[1] The Stevenses attempt to circumvent *Reinagel* by arguing that that a transfer in violation of a PSA is void under New York law. Because Plaintiffs-Appellants never contended, however, that New York law governed this issue in their pleadings or in opposition to Defendants-Appellees' motion to dismiss, this argument is waived. *See Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001).

3

No. 13-50812

Section 12.002(a).

Finally, the Stevenses claim breach of contact based on alleged credit swaps and insurance proceed payments. The Stevenses do not allege, however, that they performed their loan obligations, nor do they dispute that they are in default. In Texas, performance or tendered performance by the plaintiff is an essential element of a breach of contract claim, and a party in default cannot sue for breach of contact. *Id.* at *4. For both of these reasons, the district court correctly dismissed the breach of contract claim as a matter of law.

**AFFIRMED.**