# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 5, 2024

Lyle W. Cayce
Clerk

_____

No. 23-20545

_____

Rachelle Aspan,

*Plaintiff—Appellant*,

*versus*

Carrington Mortgage Services, L.L.C.,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-4076

_____

Before Jones, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Rachelle Aspan sued Carrington Mortgage Services for various claims relating to Carrington's servicing of her mortgage. The district court granted summary judgment to Carrington on all of Aspan's claims. We AFFIRM.

## I

This action arises out of a loan that Aspan used to purchase a home in Katy, Texas. In 2009, she executed a note and a deed of trust granting a lien

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

against the property to secure her repayment obligations. Aspan was notified that loan servicing transferred to Carrington from Bank of America effective August 2, 2014. She was informed that she would not incur late fees for sixty days after the transfer.

On August 18, 2014, Carrington sent Aspan her first mortgage statement, which showed that she owed $396.50 in late fees that carried over from Bank of America. At the time this statement was generated, Carrington had not yet received Aspan's August 2014 payment, but because of the 60-day grace period, Aspan did not incur late fees for this payment. Carrington also informed Aspan that her monthly payment would increase from $1,934.67 to $2,063.31, effective October 2014.

Carrington received Aspan's August 2014 payment, but it was returned for insufficient funds. On September 30, 2014, it received a $4,000 payment from Aspan, which satisfied her August and September payments. Carrington applied the remaining $130.66 to the outstanding Bank of America late fees.

From October 2014 to January 2014, Aspan made a series of late and partial payments, failing to account for her mortgage-payment increase and late fees. From January 2015 to September 2019, her mortgage remained at least a month past due.

In 2018, Aspan sent Carrington a series of letters requesting that Carrington send her a full accounting. Each time, Carrington responded with Aspan's payment history and escrow analyses, and it requested that Aspan submit proof of payments to support her allegations that Carrington's accounting was inaccurate.

In September 2019, represented by counsel, Aspan sued Carrington for breach of contract, negligence, unjust enrichment, fraud, violations of the

No. 23-20545

Texas Debt Collection Act (TDCA), and violations of the Texas Deceptive Trade Practices Act (DTPA).

Carrington moved for summary judgment on all claims. Aspan's counsel responded to the motion before Aspan terminated him. The district court granted the motion in full. Aspan now appeals, proceeding pro se.

## II

We review summary judgment de novo, applying the same standard as the district court. *United States v. Lawrence*, 276 F.3d 193, 195 (5th Cir. 2001). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Texas law applies in this diversity case. *Liberty Mut. Fire Ins. Co. v. Copart of Conn., Inc.*, 75 F.4th 522, 528 (5th Cir. 2023).

## III

On appeal, Aspan argues that (1) Carrington prejudiced her by fraudulently labeling this case a foreclosure action, and (2) the district court erred by granting Carrington's motion for summary judgment. Before turning to the merits of the summary judgment, we first consider whether Aspan was prejudiced by the mislabeling of the case.

## A

Aspan contends that Carrington "fraudulently nature[d]" this case as a foreclosure action, citing the district court's civil docket sheet. She argues that the district court erred by overlooking this because the "fraudulent naturing of the case . . . allowed for unjust preference towards Carrington and punitive prejudice towards [her]." Although the district court's docket sheet lists the nature of the case as a foreclosure, the record shows that Carrington designated this action as "All Other Real Property," not "Foreclosure." In

any event, the district court did not rely on the civil cover sheet in ruling on the motion for summary judgment. *See generally, e.g.*, *Gonzalez v. Wal-Mart Stores, Tex., LLC*, No. H–14–2880, 2015 WL 3613648, at \*4 (S.D. Tex. June 9, 2015) ("The civil cover sheet is not a pleading and does not contain the certifications required by Rule 11 of the Federal Rules of Civil Procedure." (citation omitted)). Aspan was not prejudiced by the mislabeling of the action.

B

Next, Aspan argues that the district court erred by granting summary judgment to Carrington on all of her claims. We address each claim in turn.

1

We begin with Aspan's breach-of-contract claim. Under Texas law, Aspan "must show '(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach.'" *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (quoting *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.— Houston [1st Dist.] 1997, no writ)). Aspan must "allege her own performance, because 'a party to a contract who is [herself] in default cannot maintain a suit for its breach.'" *Id.* (quoting *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (alteration in original)).

Aspan alleged that Carrington breached the contract by "failing to properly credit all payments made, maintaining Plaintiff's account in default, falsely reporting the condition of the property, and repeatedly attempting to collect monies that are not owed under the agreement." Carrington moved for summary judgment on the grounds that (1) Aspan breached first and thus cannot maintain a breach-of-contract action against Carrington; and (2) there is no evidence that Carrington misapplied payments or assessed improper

fees. The district court agreed, granting summary judgment because Aspan "failed to perform under the contract." It rejected Aspan's argument that a fact issue existed about the loan's accounting because Aspan "fail[ed] to point to any specific errors in [Carrington]'s accounting, and instead only include[d] a bare assertion that the parties disagree." We agree.

It is undisputed that Aspan did not make full, timely payments on the loan as required by the note and deed of trust from October 2014 to September 2019 when she filed suit. This failure precludes her breach-of-contract claim under Texas law. *See Dobbins*, 785 S.W.2d at 378 ("[A] party to a contract who is himself in default cannot maintain a suit for its breach." (citation omitted)); *Vera v. Bank of Am., N.A.*, 569 F. App'x 349, 351–52 (5th Cir. 2014) (affirming dismissal of plaintiffs' breach-of-contract claim because they "conceded . . . that they . . . defaulted on their obligations . . . by failing to make timely mortgage payments"); *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 341 (5th Cir. 2012) (noting that failing to make timely payments "normally prevent[s] [a plaintiff] from maintaining a breach-of contract claim").

Even so, we agree with the district court that Aspan provided no specific evidence of Carrington's accounting errors. Aspan argues on appeal, as she did in the district court, that the dispute over Carrington's accounting accuracy precludes summary judgment. But in her response to Carrington's summary judgment motion, she failed to point to any evidence in the record that supported her claim. Indeed, her response included a single paragraph about her breach-of-contract claim, which merely asserted that a fact issue existed as to the loan's accounting. This is insufficient to survive summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." (citation omitted)); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th

Cir. 1998) ("The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim.").

The district court correctly granted summary judgment on Aspan's breach-of-contract claim.

2

Next, the district court concluded that Aspan's negligence and fraud claims were barred by the economic-loss rule. We agree.

Under Texas law, the economic-loss rule "precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties." *Ibe v. Jones*, 836 F.3d 516, 526 (5th Cir. 2016) (citing *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991)). We determine whether the economic-loss rule bars Aspan's claims by looking to "the source of [Carrington's] duty to act (whether it arose solely out of the contract or from some common-law duty) and the nature of the remedy sought by [Aspan]." *See id.* (citation omitted).

Aspan seeks only monetary damages, and the source of Carrington's alleged duty to Aspan is the contract between the parties—the note and deed of trust. Aspan's complaint alleges that Carrington "had a duty to Plaintiff to provide loan servicing *consistent to [sic] the original agreed upon contract*." Her fraud and negligence claims are based on the same allegations as her breach-of-contract claims.[1] She alleges that Carrington breached its duty by "failing

---

[1] As to whether the Texas economic-loss rule bars fraud claims, published caselaw does not provide a definitive approach. However, our unpublished opinions have held that the rule indeed bars claims for fraud. *See, e.g.*, *Payne v. Wells Fargo Bank Nat. Ass'n*, 637 F. App'x 833, 837 (5th Cir. 2016) ("Because her fraud claim is premised on Wells Fargo's performance under the note, her claim is barred by the economic loss rule."). A federal district court in Texas has likewise held that if a plaintiff makes a fraud claim based on

to properly credit all payments when made, maintaining [her] account in default, falsely reporting the condition of the property, repeatedly attempting to collect monies that are not owed[,] . . . not satisfying multiple requests for an accounting," and "hold[ing] [her] monies in the form of unapplied funds, thereby allowing [Carrington] to continue to generate and collect fees as well as interest . . . while continuing to lie to Plaintiff about the status of her account." "These duties do not arise from a separate common-law duty and 'would [not] give rise to liability independent of the fact that a contract exists between the parties.'" *Colbert v. Wells Fargo Bank, N.A.*, 850 F. App'x 870, 877 (5th Cir. 2021) (quoting *DeLanney*, 809 S.W.2d at 494). Because "no factual basis for the tort claim would exist had [Carrington] complied with the contract," *Lincoln Gen. Ins. Co. v. U.S. Auto Ins. Servs., Inc.*, 787 F.3d 716, 726 (5th Cir. 2015), Aspan's fraud and negligence claims are barred by the economic-loss rule.

3

For similar reasons, the district court correctly granted summary judgment on Aspan's unjust enrichment claim. Under Texas law, unjust

---

failure to disclose, it is barred by the economic-loss rule. *R.P. Small Corp. v. Land Dep't, Inc.*, 505 F. Supp. 3d 681, 709 (S.D. Tex. 2020). Similarly, multiple Texas state courts have treated fraud claims as barred by the rule. *See, e.g.*, *W. Loop Hosp., LLC v. Houston Galleria Lodging Associates, LLC*, 649 S.W.3d 461, 487–88 (Tex. App.—Houston [1st Dist.] 2022, pet. denied), reh'g denied (May 19, 2022) (compiling cases that distinguish how the rule applies to fraudulent inducement claims from how the rule applies to claims alleging fraudulent representations after the formation of a contract); *see also Hooker v. Nguyen*, No. 14-04-00238-CV, 2005 WL 2675018, at *7 (Tex. App.—Houston [14th Dist.] Oct. 20, 2005, pet. denied) (mem. op.) (declining to extend the Texas Supreme Court's decision in *Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998), which discussed whether tort damages are recoverable for fraudulent inducement claims, "to include fraud that allegedly occurs after the formation of a contract and that results only in loss to the subject of the contract"). Given this body of federal and state caselaw, we treat fraud as barred by the economic-loss rule.

enrichment claims are "unavailable when a valid, express contract governing the subject matter of the dispute exists." *See Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 454 (5th Cir. 2001) (citing *Woodard v. Sw. States, Inc.*, 384 S.W.2d 674, 675 (Tex. 1964)). Aspan's unjust enrichment claim is based on the same allegations as her fraud and negligence claims—which arise out of the contract. Thus, her unjust enrichment claim was properly dismissed.

4

Next, we consider Aspan's TDCA claim. Carrington moved for summary judgment on the ground that (1) Aspan failed to identify a specific provision of the TDCA that Carrington allegedly violated, and (2) she presented no evidence that it committed wrongful acts in violation of the TCDA. The district court agreed, concluding that Aspan "present[ed] 'only a scintilla of evidence,' which is insufficient to overcome summary judgment." It noted that Aspan cited only "her own affidavit and fail[ed] to point to any persuasive evidence in the record to support her allegations."

Aspan's complaint alleged that Carrington violated the TDCA by "[f]ailing to properly credit all payments when made;" "[m]aintaining Plaintiff's account in default to prevent refinancing;" "[f]alsely reporting the condition of the collateral property to prevent refinancing;" "[r]epeatedly attempting to collect monies that are not owed in a harassing and/or embarrassing manner;" and "[h]olding Plaintiff's monies in the form of unapplied funds, thereby allowing Defendant to continue to generate and collect interest it is not entitled to on Plaintiff's account while simultaneously generating fees as well as interest of its own benefit from the held funds."

In her response to Carrington's motion, Aspan alleged the following "specific acts" that she alleges violate the TDCA:

> Repeatedly calling and attempt [sic] to collect a nonexistent debt; Sending individuals to conduct property inspections;

> Sending individuals to harass and question Ms. Aspan in her front yard; Reporting Ms. Aspan's property as being damaged and affected by a natural disaster when it was not; Refusing to cancel MIP; and Reflecting Ms. Aspan's loan status as delinquent when it was not.

As evidence to support these allegations, she cited generally to her affidavit, which merely repeats these same allegations.

"A party can present critical evidence . . . in many forms, even self-serving affidavits: 'Self-serving' affidavits and depositions may create fact issues even if not supported by the rest of the record." *In re Deepwater Horizon*, 48 F.4th 378, 382–83 (5th Cir. 2022) (alteration adopted) (internal quotation marks and citation omitted). Indeed, "[i]t is possible for a party to demonstrate the existence of a genuine issue of material fact through reliance on a single declaration." *Favela v. Collier*, 91 F.4th 1210, 1213 (5th Cir. 2024). But "[s]ummary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). The question, then, "is whether that self-serving evidence is conclusory, vague, or not based on personal knowledge." *In re Deepwater Horizon*, 48 F.4th at 382–83 (internal quotation marks and citation omitted).

We conclude that it is. Aspan's affidavit does not designate specific facts that prove a genuine dispute of material fact exists on her TDCA claim. Although she now points to other evidence she believes supports these claims on appeal, as the party opposing summary judgment, Aspan was "required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports . . . her claim." *Nelson*, 44 F.4th at 286 (citation omitted). She failed to do so. Accordingly, the district court properly granted summary judgment.

No. 23-20545

5

Finally, the district court concluded that Aspan abandoned her DTPA claim by not responding to Carrington's argument that she lacked standing to bring it. Although Aspan now responds to Carrington's standing argument in her appellate brief, it is too late. Because she failed to defend her DTPA claim in response to Carrington's motion for summary judgment, she abandoned it, and the district court did not err in granting summary judgment on that ground. *See Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022) ("A plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims."); *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006); *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 n.70 (5th Cir. 2023) ("The Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes waiver on appeal." (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003))). The district court properly dismissed this claim.

AFFIRMED.